IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| GRASS VALLEY II INVESTMENT GROUP, A CALIFORNIA LIMITED PARTNERSHIP, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 04-1298C (Judge Hewitt) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S UNOPPOSED MOTION FOR ENLARGEMENT OF TIME

Defendant respectfully requests an enlargement of time of 38 days, to and including November 19, 2004, within which to respond to plaintiff's complaint. Defendant's answer is presently is due October 12, 2004. This is our first request for an enlargement of time for this purpose. Plaintiff's counsel has authorized us to state that plaintiff does not oppose this motion.

This case is one of 48 suits filed during the first two weeks of August, 2004, by various plaintiffs alleging that they are owners of rural low-income rental apartment projects who entered into loan agreements with the Farmers Home Administration, United States Department of Agriculture, pursuant to section 515 and 521 of the Housing Act of 1949 (42 U.S.C. §§ 1485, 1490a (1994)), and who allege that the Government has breached these agreements and/or has taken the plaintiffs' property without just compensation as a result of the enactment of the Emergency Low Income Housing Preservation Act of 1987, Pub. L. No. 100-242, Title II, 101 Stat. 1877 (1988) (codified at 12 U.S.C. § 1715l note (1994)), and then the Housing and Community Development Act of 1992, Pub. L. No. 102-550, 106 Stat. 3672 (1992) (codified at 42 U.S.C. § 1472(c) (1994)).

After being served with a copy of the complaints in these 48 cases, we promptly notified the Rural Housing Service, United States Department of Agriculture ("RHS"), the interested agency in this case, and requested litigation reports pursuant to 28 U.S.C. § 520. However, we have not yet received a litigation report for any of these cases. The task of gathering the pertinent facts and documents is particularly time consuming, because there are thousands of borrowers in the loan program in question, many of whom own multiple properties. These properties are located throughout the country. Many of them have similar names, and are located in states other than the state of residence of the borrower. The complaint in this case, as in the other cases, provides the address of the plaintiff borrower, but not of the property. Nor does the complaint include a copy of the pertinent loan agreement or other loan documents. Therefore, in order to locate the relevant files (including the documents constituting the pertinent contract), the agency must first determine the location of the property, and which state, area, or local office of the agency maintains those files.

The enlargement of time we are requesting is necessary to allow agency counsel to obtain the necessary files and prepare the litigation report, and to allow defendant's counsel adequate time to review the report and accompanying documents, and prepare the response to the complaint.

For the foregoing reasons, we respectfully request that our motion for an enlargement of time be granted.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

s/David M. Cohen
DAVID M. COHEN
Director

s/Shalom Brilliant
SHALOM BRILLIANT
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Telephone: (202) 305-7561
Facsimile: (202) 305-7643

Attorneys for Defendant

October 8, 2004

**Certificate of Filing**

I hereby certify that on October 8, 2004, a copy of the foregoing Defendant's Unopposed Motion for Enlargement of Time was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Shalom Brilliant